## AFFIDAVIT OF JOHN WILLIAM DAUGHERTY, JR.

**STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

Before me, the undersigned authority, personally appeared John William Daugherty, Jr., and being by me duly sworn, deposed as follows:

1. My name is John William Daugherty, Jr.. I am over the age of twenty-one (21), of sound mind, and fully capable of making this affidavit. I have personal knowledge of the facts recited herein and know them to be true and correct.

2. I am an attorney, employed by John C. Allen, P.C. and in good standing with the Texas State Bar. I am also admitted to practice by the federal courts in the Southern District of Texas. I have been licensed as an attorney since 2003. My license has never been suspended or revoked.

3. I represented Dealer Computer Services, Inc. ("DCS") in the arbitration proceeding styled Case No. 70 117 Y 00430 07; *Dealer Computer Services, Inc. f/k/a Ford Dealer Computer Services, Inc. v. Claude Ray Ford, Inc.*; American Arbitration Association. That proceeding resulted in an arbitration award against Claude Ray Ford Sales, Inc. ("Defendant"). I am therefore familiar with that case.

4. I also represented DCS in the court case styled Cause No. 4:09-cv-3328; *Dealer Computer Services, Inc. f/k/a Ford Dealer Computer Services, Inc. v. Claude Ray Ford Sales, Inc.*; In the U.S. District Court for the Southern District of Texas, Houston Division. That proceeding resulted in the confirmation of the arbitration award against Defendant, as well as the entry of a judgment against Defendant. I am therefore familiar with that case.

5. That judgment has been registered in the Middle District of Georgia, Athens Division, initiating this proceeding, Cause No. 3:10-mc-00002-CDL-MSH; *Dealer Computer Services, Inc. f/k/a Ford Dealer Computer Services, Inc. v. Claude Ray Ford Sales, Inc.*; In the U.S. District Court for the Middle District of Georgia, Athens Division.

6. DCS is seeking to collect its judgment against Defendant. In furtherance of that effort, DCS' local counsel, Kirkpatrick Stockton, LLP, appeared and served Plaintiff's First Request for Production of Documents upon Defendant ("First Request") on July 6, 2010. I am one of the attorneys responsible with overseeing local counsel's efforts on behalf of DCS. I am therefore familiar with this case.

7. Defendant did not timely respond to DCS' First Request. DCS through its local counsel filed a motion to compel the document requests, granted December 6, 2010. Defendant was ordered to respond to DCS' requests by 5 p.m. on January 7, 2011.

8. Defendant did not comply with the court's order in a timely fashion. DCS filed a motion for sanctions. The Court entered an order to show cause. A hearing was held on the motion for sanctions on March 30, 2011. Defendant finally appeared. The Court ordered on March 31, 2011 that Defendant provide DCS with certified written responses and supplementation of documents by 5 p.m. on April 11, 2011. The Court further ordered that DCS would have thirty days to inform the court if Defendant failed to comply with the March 31, 2011 order.

9. Due to my familiarity with the underlying cases involving Defendant, as well as my oversight role regarding the present case, DCS' local counsel, Kirkpatrick Stockton, LLP, asked me to review the discovery responses and discovery production in this case and provide my comments.

10. It is my opinion that Defendant has not fully complied with the Court's orders of January 7, 2011 (compelling discovery) and March 31, 2011 (regarding DCS' motion for sanctions). I would note the following deficiencies:

   - Request Number 1 in Plaintiff's First Request for Production of Documents sought "Factory standard financial statements for [Defendant] from 2005 through present." Defendant's written response stated that, "To the best of Defendant's knowledge, the Defendant has provided all such statements within its possession." I have reviewed all of Defendant's document production, and its production regarding Request Number 1 appears to be incomplete. Defendant did not provide Ford Motor Company financial statements for November 2008; April-July 2009; April-June 2010; and all of 2011. These financial statements are mandated by Ford Motor Company and must be provided to Ford Motor Company on a monthly basis;

   - Request Number 2 in Plaintiff's First Request for Production of Documents sought "Federal income tax returns for [Defendant] from 2005 through the present, with schedules and attachments." Defendant's written response stated that, "To the best of Defendant's knowledge, the Defendant has provided all such statements within its possession." I have reviewed all of Defendant's document production, and its production regarding Request Number 2 appears to be incomplete. Defendant produced only its 2005 and 2006 federal tax returns, and did not produce subsequent years' returns. Instead, Defendant attempted to shift the burden of uncovering documents to DCS by providing an incomplete Internal Revenue Service Form 4506 and a power of attorney regarding its certified public accountant;

   - Request Number 3 in Plaintiff's First Request for Production of Documents sought "State income tax returns for [Defendant] from 2005 through the present, which schedules and attachments." Defendant's written response stated that, "To the best of Defendant's knowledge, the Defendant has provided all such State income tax returns with schedules and attachments in its possession." I have reviewed all of Defendant's document production, and its production regarding Request Number 3

2

appears to be incomplete. Defendant failed to produce any responsive documents after representing in its written responses it would do so;

- Request Number 8 in Plaintiff's First Request for Production of Documents sought "Bank account statements for [Defendant] from 2005 through present." Defendant's written response stated that, "To the best of Defendant's knowledge, the Defendant has provided all such statements within its possession." I have reviewed all of Defendant's document production, and its production regarding Request Number 8 appears to be incomplete. Statements related to a Regions Bank "reserve account" related to Defendant numbered 6518502692 were not provided for November 2007, October-November 2009, and 2011-present. Statements related to a Pinnacle Bank "tax account" related to Defendant numbered 48488 were not provided for November 2008 and October 2009-present. Statements related to a Pinnacle Bank "employee benefit trust" account related to Defendant numbered 70789 were not provided from October 2009-present. Statements related to a Northeast Georgia Bank account related to Defendant numbered 4000004353 were not provided for February 2006 and 2010-present. Statements related to a Pinnacle Bank "payroll account" numbered 18887 were not provided for 2006, 2007, and from October 2009-present. Finally, statements related to a Pinnacle Bank account related to Defendant numbered 5744 were not provided for August 2009 and 2011-present;

- Request Number 10 in Plaintiff's First Request for Production of Documents sought "All documents that in any way refer to, pertain to, or concern any books, records, or other memoranda of business or financial activities, status, or income for [Defendant] from 2005 through the present." Defendant's written response stated that, "To the best of Defendant's knowledge, the Defendant has provided all such documents in its possession." I have reviewed all of Defendant's document production, and its production regarding Request Number 10 appears to be incomplete. Defendant is a car dealership in the business of selling new and used cars. DCS did not receive documentation of Defendant's specific day-to-day business and financial acitivities and/or income, despite the fact the dealership was surely selling cars and otherwise transacting business since 2005;

- Request Number 16 in Plaintiff's First Request for Production of Documents sought "All documents that in any way refer to, pertain to, or concern accounts receivable owed to [Defendant], either in whole or in part, from 2005 through the present." Defendant's written response stated that, "The Defendant will provide such documents in its possession." I have reviewed all of Defendant's document production, and its production regarding Request Number 16 appears to be incomplete. Defendant provided a single accounts receivable printout dated February 1, 2011;

- Request Number 24 in Plaintiff's First Request for Production of Documents sought "All documents that in any way refer to, pertain to, or concern any certified public accountant used by [Defendant] from 2005 through the present, including but not limited to correspondence, memoranda, notes of oral conversations, retainer agreements, fee agreements, invoices, receipts, remittances, electronic communications (e-mail and voice mail) and all documents provided to a certified public accountant or received from a certified public accountant." Defendant's written response stated that, "To the best of Defendant's knowledge, the Defendant has provided all such documents in its possession." I have reviewed all of Defendant's document production, and its production regarding Request Number 24 appears to be incomplete. Defendant failed to produce any responsive documents that I am aware of, after representing in its written responses it would do so. Instead, Defendant provided DCS with a power of attorney regarding its CPA;

- Request Number 25 in Plaintiff's First Request for Production of Documents sought "All documents that in any way refer to, pertain to, or concern any income received by [Defendant] from 2005 through the present." Defendant's written response stated that, "To the best of Defendant's knowledge, the Defendant has provided all such documents in its possession." I have reviewed all of Defendant's document production, and its production regarding Request Number 25 appears to be incomplete. Defendant is a car dealership in the business of selling new and used cars. DCS did not receive documentation of Defendant's transaction-by-transaction income, despite the fact the dealership was surely selling cars and otherwise transacting business since 2005;

- Request Number 26 in Plaintiff's First Request for Production of Documents sought "Articles of incorporation and all amendments thereto for [Defendant]." Defendant's written response stated that, "To the best of Defendant's knowledge, the Defendant has provided all such documents in its possession." I have reviewed all of Defendant's document production, and its production regarding Request Number 26 appears to be incomplete. Defendant failed to produce any responsive documents after representing in its written responses it would do so. Defendant did indicate in an April 6, 2011 letter through its counsel R. Daniel Graves that no articles of incorporation have been found, but this statement is contradicted by Defendant's prior sworn discovery responses, which have not been amended; and

- Request Number 28 in Plaintiff's First Request for Production of Documents sought "Corporate minutes from 2005 through the present for [Defendant]." Defendant's written response stated that, "To the best of Defendant's knowledge, the Defendant has provided all such documents in its possession." I have reviewed all of Defendant's document production, and its production regarding Request Number 28 appears to be incomplete. Defendant failed to produce any responsive documents after representing in its written responses it would do so. Defendant did indicate in

an April 6, 2011 letter through its counsel R. Daniel Graves that no minutes since 2004 have been found, but this statement is contradicted by Defendant's prior sworn discovery responses, which have not been amended.

Further affiant sayeth not.

_____
John William Daugherty, Jr.

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by John William Daugherty, Jr., on this the 11th day of May, 2011.

YVONNE GARZA
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
OCT. 7, 2013

_____
Notary Public, State of Texas

5

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on May 11, 2011, the foregoing **AFFIDAVIT OF JOHN WILLIAM DAUGHERTY, JR.** was electronically filed with the Clerk of Court using the CM/ECF system. The undersigned also certifies that the above-referenced document was mailed to Defendant, by first class United States Mail, postage prepaid this same day to the following addresses:

R. Daniel Graves, Esq.
Phelps & Campbell, LLP
313 Heard Street
P.O. Box 1056
Elberton, Georgia 30635
rdg@elberton.net

|  |  |
|---|---|
|  | /s/Yendelela N. Anderson |
| KILPATRICK TOWNSEND & STOCKTON LLP | Burleigh L. Singleton |
|  | Georgia Bar No. 649084 |
| 1100 Peachtree Street | Yendelela N. Anderson |
| Suite 2800 | Georgia Bar No. 424429 |
| Atlanta, Georgia  30309-4530 |  |
| (404) 815-6500 |  |
| bsingleton@KilpatrickTownsend.com |  |
| yanderson@KilpatrickTownsend.com | Counsel for Plaintiff |