# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| Dealer Computer Services, Inc, | : | |
| Plaintiff | : | |
| vs. | : | CASE NO. 3:10-MC-2 (CDL) |
| Claude Ray Ford Sales, Inc., | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Plaintiff Dealer Computer Services, Inc.'s Motion for Sanctions. (ECF No. 7.) After consideration of the parties' arguments at the hearing and subsequent filings, the Court recommends that Plaintiff's motion be granted. Sanctions should be awarded against Defendant in the amount of Plaintiff's requested reasonable attorneys' fees and expenses.

## BACKGROUND

This action arises out of a final default judgment Plaintiff received against Defendant in the Southern District of Texas. Plaintiff registered this judgment, which confirmed an arbitration award, in the Middle District of Georgia on April 20, 2010. (ECF No. 1.) After registering the judgment, Plaintiff served written discovery requests upon Defendant. Defendant failed to respond to those requests, and on October 29, 2010, Plaintiff filed a motion to compel Defendant to produce the documents requested (ECF No. 4). Defendant filed no response to Plaintiff's motion to compel.

On December 6, 2010, the Court granted Plaintiff's motion to compel and Ordered Defendant to respond to the document requests by January 7, 2011. (Order, Dec. 6, 2010, ECF No. 5.) In this Order, the Court warned Defendant that "if Defendant fails to comply with this Order, [attorneys'] fees and expenses *shall* be assessed against Defendant along with other more serious sanctions. The Court will also consider whether such sanctions should be imposed upon Defendant's officers." (*Id.*) Defendant likewise failed to comply with the Court's December 6 Order.

Consequently, On February 2, 2011, Plaintiff moved for sanctions against Defendant. Plaintiff seeks sanctions against Defendant Claude Ray Ford Sales, Inc., and Claude Ray Ford Sales' corporate officers for their failure to supply requested discovery and subsequent failure to comply with this Court's Order to compel the production of discovery. (Order, Dec. 6, 2010.) The Court held a hearing on this motion on March 30, 2011. Defendant, for the first time in this case, appeared and agreed to comply with the Court's orders and Plaintiff's requests.

On March 31, 2011, the Court entered an Order deferring ruling on Plaintiff's motion for sanctions and requiring Defendant to provide Plaintiff with certified written responses to Plaintiff's discovery requests by April 11. In this Order the Court also provided Plaintiff with an opportunity to supplement its motion for sanctions by May 11. Plaintiff submitted the required supplemental affidavit in support of its motion on May 11, seeking $11,321.50 in attorneys' fees and $677.27 in expenses. (Anderson Aff. ¶ 9, May 11, 2011, ECF No. 16.) Thereafter, on May 13, 2011, Defendant filed an affidavit in opposition to Plaintiff's motion for sanctions (ECF No. 17). Plaintiff filed an objection

in response to Defendant's affidavit on May 20, 2011 (ECF No. 18). Plaintiff's motion for sanctions is therefore ripe for review.

## DISCUSSION

The Court recommends that Defendant and its corporate officers should pay Plaintiff's reasonable expenses, including attorney's fees, incurred by Plaintiff in securing the discovery necessary to enforce Plaintiff's Final Default Judgment against Defendant. Defendant failed to comply with this Court's December 6, 2010, discovery order granting Plaintiff's motion to compel. In that Order, the Court expressly warned Defendant that failure to comply would result in fees and expenses being assessed against Defendant. (Order 2, Dec. 6, 2010.) Despite this cautionary language, Defendant did not provide Plaintiff with the requested discovery until after a show cause hearing was held over three months later.

Federal Rules of Civil Procedure Rule 37(b)(2)(A) provides that the Court may sanction a party or party's officer for the failure to obey a discovery order. Additionally, Rule 37(b)(2)(C) requires that the Court to order payment of attorneys' fees and expenses by a party and/or that party's attorney when that party has disobeyed a discovery order "unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See also Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir.1997) ("District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37."); *Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir.1993) (The court has "broad discretion to fashion appropriate sanctions for violation of discovery orders[.]"). Consequently, Plaintiff is entitled to reasonable

3

attorneys' fees unless Defendant's failure to adhere to the Court's Order was substantially justified or the award of fees would otherwise be unjust. There are no such special circumstances in this case.

Although Defendant argues that Defendant and Defendant's attorney were unaware of the discovery requests, motion to compel, or subsequent order granting the motion (Graves Aff. ¶¶ 3-5, May 13, 2011, ECF No. 17), the record reveals: (1) that Defendant and Defendant's attorney Robert Phelps were provided with copies of a good faith letter attempting to resolve the discovery dispute (Pl.'s Notice of Objection to Graves's Aff. Attach. A, Ex. 8, ECF No. 18); (2) that Defendant's counsel received a copy of Plaintiff's discovery requests and requested additional information from Plaintiff's attorney (Pl.'s Notice of Objection to Graves's Aff. Attach. C, Ex. 2); and (3) that Defendant's counsel corresponded with Plaintiff's counsel regarding the motion and discovery requests (Pl.'s Notice of Objection to Graves's Aff. Attach. C, Ex. 2-3). These communications occurred in October 2010, prior to Plaintiff's filing its motion to compel and prior the Court issuing its Order on Plaintiff's motion. (Pl.'s Notice of Objection to Graves's Aff. Attach. A, Ex. 8; Attach. C, Exs. 2-3.) Thereafter, the Court mailed copies of its Order on the motion to compel to Defendant's officers and attorney, Mr. Phelps. (Order 2, Dec. 6, 2010.) Plaintiff's counsel also forwarded a copy of the Court's Order via email to Mr. Phelps. (Pl.'s Notice of Objection to Graves's Aff. Attach. B, Ex. 1.)

Despite these repeated notices and communications with Defendant and Defendant's attorney, Defendant failed to comply with the Court's Order and provide Plaintiff the requested discovery until after a show cause hearing was held. Reasonable

4

attorneys' fees and expenses pursuant to Rules 37(b)(2)(A) and (C) of the Federal Rules of Civil Procedure should be awarded in the requested amounts of $11,321.50 in attorneys' fees and $677.27 in expenses. The Court finds these amounts to be reasonable and recommends that they be assessed jointly against Defendant and Defendant's corporate officers, Mr. Claude E. Ray, III, Thomas D. Ray, and Jason P. Ray. The Court does not recommend any further sanctions at this time since Defendant has now complied with the Court's Order.

**CONCLUSION**

WHEREFORE, it is the recommendation to the United States District Judge that Plaintiff's Motion for Sanctions be granted and that reasonable attorneys' fees and expenses be assessed against Defendant and Defendant's corporate officers. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this the 14th day of July, 2011.

S/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE
